**2017 UT App 208**

# THE UTAH COURT OF APPEALS

CINDY L. THOMPSON,
Appellant,
*v.*
WARDLEY CORPORATION, WARDLEY PROPERTIES, LYNN E.
WARDLEY, KENNETH U. TRAMP, JOHN T. ANDERSON, AND
ANDERSON & KARRENBERG PC,
Appellees.

Per Curiam Opinion
No. 20170675-CA
Filed November 16, 2017

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 160906509

Cindy L. Thompson, Appellant Pro Se

John T. Anderson, Attorney for Appellees

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1     Appellant Cindy L. Thompson appeals the dismissal of her "Amended Complaint for Fraud Upon the Court." That complaint sought a "declaratory judgment and relief from the numerous court orders which were obtained by the defendants/appellees by perpetrating fraud upon the court" in several proceedings. Thompson seeks to challenge the June 27, 2017 Order of Dismissal ruling that her claims for fraud upon the court were barred by claim preclusion and her lack of standing. She also challenges the August 3, 2017 Ruling that denied her leave to file a post-judgment motion. This case is before the court on a sua sponte motion for summary disposition.

¶2 The August 10, 2017 Notice of Appeal states that it challenges both the June 27, 2017 Order of Dismissal and August 3, 2017 Ruling. However, because the notice of appeal was not filed within thirty days after the June 27, 2017 Order of Dismissal, it is timely only if one of the motions listed in rule 4(b) of the Utah Rules of Appellate Procedure operated to suspend the time for appeal. Although Thompson claims that she filed a motion to set aside the judgment under rule 60(b) and a motion for rehearing under rule 59 of the Utah Rules of Civil Procedure (the post-judgment motion), the motion was not accepted for filing and entered in the district court docket. Because no motion operated to extend the time for appeal from the June 27, 2017 Order of Dismissal under rule 4(b), this court lacks jurisdiction to consider an appeal of that final judgment.

¶3 Thompson's response to the sua sponte motion does not acknowledge that the district court denied her motion for leave to file the post-judgment motion, which was required as a result of the entry of a "vexatious litigant order" pursuant to rule 83 of the Utah Rules of Civil Procedure.[1] Thompson instead argues

---

1. On May 16, 2017, Third District Court Judge Mark Kouris entered a vexatious litigant order in a Third District Court case, number 150900489, finding by clear and convincing evidence that Thompson met the requirements of rule 83 of the Utah Rules of Civil Procedure and determining that she was a "vexatious litigant." The order listed Thompson's cases against the Wardley Corporation and related defendants, noting that she filed five suits against the same parties, with three filings alleging the same or similar conduct in each suit. *See* Utah R. Civ. P 83(a)(1)(B)(allowing a court to find a person to be a vexatious litigant "if the person . . . without legal representation . . . after a claim for relief or an issue of fact or law in the claim has been finally determined, the person two or more additional times re-litigates or attempts to re-litigate the claim, the issue of fact or law, or the validity of the determination against the same party in whose favor the claim or issue was determined"). The order

(continued…)

that she actually filed the post-judgment motion, which suspended the time for an appeal of the June 27, 2017 Order of Dismissal. She construes the August 3, 2017 Ruling denying leave to file the post-judgment motion as an order denying the motion on its merits. Thus, she claims her appeal is timely from both the June 27, 2017 Order of Dismissal and the August 3, 2017 Ruling. This argument misrepresents the district court record. The post-judgment motion was not accepted and filed in the district court because the district court denied leave to file it. Accordingly, this court lacks jurisdiction to consider an appeal of the June 27, 2017 Order of Dismissal because there was no timely appeal from that ruling.

¶4     This court has jurisdiction to consider an appeal from the August 3, 2017 Ruling because the notice of appeal was timely filed from that ruling. The case was before the district court on a "Notice and Request for Leave to File Plaintiff's Rule 60(b) Motion to Vacate the Court's June 27, 2017 Dismissal Order and Rule 59(a)(1) Motion for Rehearing." The proposed post-judgment motion claimed that the district court should have granted leave to file a Second Amended Complaint. Thompson sought leave to file a Second Amended Complaint while the motion to dismiss her Amended Complaint was pending. Although the motion to amend the complaint for a second time was effectively denied when the case was dismissed, it was not referred to in the June 27, 2017 Order of Dismissal. The August 3, 2017 Ruling concluded that the second proposed amendment would be futile. *See Jensen v. IHC Hosps., Inc.*, 2003 UT 51, ¶ 139, 82 P.3d 1076 ("It is well settled that a court may deny a motion to

---

(…continued)

required Thompson to "obtain leave of court for any pleading she desires to file in [the district] court." *See id.* R. 83(b)(4). Such a motion must demonstrate that said pleading is based upon good faith, is not redundant, and is warranted under the facts of the case. *See id.* R. 83(e)(2).

amend as futile if the proposed amendment would not withstand a motion to dismiss[.]"). The district court ruled,

> As with her prior complaint, all of the claims in the proposed Second Complaint sought to be asserted by Plaintiff were actually or should have been litigated in prior actions. This was addressed at argument when the Court asked Plaintiff to identify any claim that did not involve matters litigated previously.

Because the motion to amend lacked merit and the post-judgment motion was based on the pendency of that motion to amend, the district court determined that the proposed post-judgment motion was also without merit and denied leave to file it. The district court did not err in denying the motion for leave to file the post-judgment motion.

¶5 We deny Thompson's motion for summary reversal. This court lacks jurisdiction to consider the merits of an appeal from the June 27, 2017 Order of Dismissal and the appeal is summarily dismissed insofar as it seeks to appeal from that order. Insofar as the appeal is taken from the August 3, 2017 Ruling, we affirm the district court's ruling.

———————